**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 27 2002**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

MELVIN E. SMITH,

        Petitioner - Appellant,

v.

HANK GALETKA, Warden,

        Respondent - Appellee.

No. 01-4189
(D.C. No. 2:99-CV-686-C)
(D. Utah)

ORDER AND JUDGMENT *

Before **O'BRIEN** and **PORFILIO**, Circuit Judges, and **KANE**,** Senior District Judge.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination

of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

\*\*     The Honorable John L. Kane, Senior District Judge, United States District
Court for the District of Colorado, sitting by designation.

Petitioner seeks a certificate of appealability (COA) to proceed with his appeal of the district court's dismissal of his petition for writ of habeas corpus as time-barred. Because his state court conviction became final prior to the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), he had one year following AEDPA's April 24, 1996 effective date in which to file his 28 U.S.C. § 2254 application. See Hoggro v. Boone, 150 F.3d 1223, 1225 (10th Cir. 1998). This time period is further tolled during any time a properly filed application for state post-conviction or other collateral review is pending. See Gibson v. Klinger, 232 F.3d 799, 803 (10th Cir. 2000).

Here, petitioner commenced state post-conviction proceedings on March 31, 1997, with twenty-four days remaining on his federal habeas clock. The district court assumed, without deciding, that all the time spent pursuing state post-conviction remedies continued the "pending" period through the state supreme court's denial of certiorari on September 25, 1998. See Carey v. Saffold, 122 S. Ct. 2134, 2136-38 (2002) (counting, as pending, intervals between consideration by lower court and further consideration of higher state court). As petitioner did not file his federal habeas corpus action until September 2, 1999, it was clearly time barred. Gibson, 232 F.3d at 808. Nor has he suggested circumstances justifying the application of equitable tolling. See Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000), cert. denied, 531 U.S. 1194 (2001).

Because the district court denied this habeas petition on procedural grounds, a COA may issue only if petitioner can show that jurists of reason would find it debatable both whether the district court was correct in its procedural ruling and whether the petitioner states a valid claim of the denial of constitutional right.    Slack v. McDaniel  , 529 U.S. 473, 484 (2000).  The record before us is clear that reasonable jurists would not find the district court's procedural ruling debatable.

Accordingly, the application for a certificate of appealability is DENIED, and the appeal is DISMISSED.

Entered for the Court


John L. Kane
Senior District Judge