**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 5 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

DAVID JAY HESS,

      Defendant - Appellant.

No. 02-4153
D.C. No. 2:01-CV-704-S and
2:97-CR-226-W
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **McKAY**, and **MURPHY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Petitioner, David Jay Hess, seeks a certificate of appealability ("COA") so he can appeal the district court's denial of the motion to vacate, set aside, or

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

correct sentence he brought pursuant to 28 U.S.C. § 2255. *See* 28 U.S.C. § 2253(c)(1)(B) (providing that a petitioner may not appeal the denial of a § 2255 motion unless the petitioner first obtains a COA). Hess pleaded guilty to one count of mailing threatening communications in violation of 18 U.S.C. § 876. On April 29, 2000, an amended judgment and conviction was issued by the district court. Hess did not did not seek to withdraw his guilty plea or otherwise pursue a direct appeal. The instant § 2255 motion was filed on September 11, 2001. In the motion, Hess asserted a claim that his counsel provided constitutionally ineffective assistance thereby rendering his guilty plea unknowing and involuntary.[1]

Respondent moved to dismiss Hess' § 2255 motion as untimely. The district court granted the motion, concluding that the motion was filed outside the one-year limitation period set forth in 28 U.S.C. § 2255. The court also concluded that Hess had failed to diligently pursue his claims and failed to demonstrate that his failure to file a timely § 2255 motion was caused by extraordinary circumstances beyond his control. *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000).

---

[1]Hess' motion sought a writ of habeas corpus pursuant to both 28 U.S.C. § 2241 and § 2255. The district court dismissed the claims brought pursuant to 28 U.S.C. § 2241 for lack of jurisdiction and Hess does not challenge that ruling.

In his appellate brief, Hess argues that the factual predicate of the claims he presented in his § 2255 motion were not "discovered through the exercise of due diligence," until April 2001, when he retained an attorney who advised him of the immigration consequences of his guilty plea. 28 U.S.C. § 2255(4). The district court noted, however, that Hess does not dispute that on April 7, 2000 he was served by the Immigration and Naturalization Service with a Notice to Appear. That notice informed Hess that he was removable from the United States because of his conviction. Hess' additional argument that he did not waive the right to challenge his guilty plea in a § 2255 motion because the ineffectiveness of his counsel rendered his plea unknowing and involuntary is irrelevant to the equitable tolling issue. To the extent Hess' brief could be read to contain an assertion that this court must always address ineffective assistance of counsel claims, even when those claims are raised in an untimely § 2255 motion, that assertion is incorrect and constitutes a misunderstanding of our holding in *United States v. Cockerham*, 237 F.3d 1179, 1187-91 (10th Cir. 2001).

To be entitled to a COA, Hess must show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 474, 484-85 (2000) (holding that when a district court dismisses a habeas petition on procedural grounds, a petitioner is entitled to a COA only if he shows both that reasonable jurists would find it debatable whether

he had stated a valid constitutional claim and debatable whether the district court's procedural ruling was correct). Our review of the record clearly demonstrates that the district court's dismissal of Hess' § 2255 motion as untimely is not deserving of further proceedings or subject to a different resolution on appeal. Accordingly, we **deny** Hess' request for a COA and **dismiss** this appeal.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge