F I L E D
United States Court of Appeals
Tenth Circuit

JUN 29 2004

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

SHURMAN L. DORAN-BEY,

  Petitioner-Appellant,

v.

LOUIS E. BRUCE; PHILL KLINE,
Attorney General of Kansas; THE
STATE OF KANSAS,

  Respondents-Appellees.

No. 04-3005
(D. Kansas)
(D.Ct. No. 02-CV-3351-SAC)

**ORDER DENYING CERTIFICATE OF APPEALABILITY
AND DISMISSING APPEAL**

Before **SEYMOUR**, **LUCERO**, and **O'BRIEN**, Circuit Judges.

  Shurman L. Doran-Bey, appearing pro se, filed an application for a

certificate of appealability (COA) challenging the district court's dismissal of his

28 U.S.C. § 2241 petition[1], claiming the Kansas correctional authorities

---

[1] Although Doran-Bey titled his memorandum of law in support of his petition as an action "Pursuant to 28 U.S.C. § 2254 Incorporating 28 U.S.C. § 2241," the district court construed it as a petition filed under 28 U.S.C. § 2241 because it challenged the execution of his sentence, not its validity. *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000). We agree, but note that whether this action is construed under § 2241 or § 2254, Doran-Bey is required to comply with the applicable statute of limitations. *Burger v. Scott*, 317 F.3d 1133, 1138 (10th Cir. 2003).

improperly aggregated his sentences and denied him credit for time on parole. We deny his request for a COA and dismiss the appeal.

## I.    Background

As noted by the Kansas Court of Appeals, "Doran has been continuously under the supervision of the [Kansas] Department of Corrections (DOC) since 1980 when he was given a controlling sentence of 5 to 20 years for crimes of aggravated burglary, aggravated robbery, and rape." *Doran-Bey v. State*, No. 88,494 (Kan. Ct. App. July 19, 2002); (R., Reno County Doc. No. 01-C-569, at 120). He was conditionally released on parole in 1989. However, within five months he violated his parole and was returned to prison. He was again conditionally released on or about June 9, 1990, but was arrested on December 5, 1990, and eventually charged with felony theft, driving under the influence (DUI), speeding and burglary. Upon pleading guilty to DUI and felony theft, he was sentenced to one to three years imprisonment, the sentence to run consecutive to his 1980 sentence.

In March 1992, Doran-Bey was transported to the Hutchinson Correctional Facility in Hutchinson, Kansas. Shortly after his arrival at Hutchinson, Doran-Bey "met with a Unit Team Member . . . who . . . inform[ed] him, that his 1980 and 1990 convictions, had been aggregated according to K.S.A. 1983 Supp. 21-4608(f)(4) and (5)" and that his aggregate sentence was six to twenty-three years.

(R. Doc. 2.) After "about 4 years, 10 months and 14 day[s,]" he was again conditionally released. (*Id.*) Not surprisingly, he violated parole and was returned to prison in 1998. The cycle repeated several years later, returning him to custody in 2001.

Doran-Bey filed an inmate grievance in 2001, alleging his sentences were incorrectly calculated. On review, the Unit Team found his sentences had been correctly computed and the Warden and Secretary of Corrections affirmed those findings. On December 14, 2001, he filed a petition for writ of habeas corpus in the state district court. He claimed his 1980 sentence should have been considered satisfied when he was released on parole—in effect, he claimed he was entitled to credit for time spent on parole for his 1980 sentence. He also contended his current sentence was illegal because his 1980 sentence, received prior to the passage of the Kansas statute authorizing aggregation, could not be aggregated with his 1990 sentence. The state court dismissed his petition, concluding he failed to state a cause of action, and even if he had, his claims were time-barred. The Kansas Court of Appeals affirmed. *See Doran-Bey*, *supra*.

Doran-Bey subsequently filed a petition for a writ of habeas corpus in the federal district court. The Government moved to dismiss the action, arguing it was untimely filed. The district court agreed. Finding Doran-Bey was aware of the facts supporting his claim in 1992, the court concluded the Antiterrorism and

Effective Death Penalty Act (AEDPA) required Doran-Bey to file a federal habeas petition (or a state petition to toll the statute of limitations) by April 24, 1997. 28 U.S.C. § 2244(d)(1); *Fisher v. Gibson,* 262 F.3d 1135, 1142 (10th Cir. 2001) (when a conviction became final before AEDPA's effective date of April 24, 1996, a petitioner has one year after AEDPA's enactment to file a § 2254 petition), *cert. denied*, 535 U.S. 1034 (2002). Because he did not do so until long after the AEDPA limitation period had expired, and equitable tolling was not warranted, the district court dismissed the habeas petition and denied issuance of a COA.

## II. Discussion

Issuance of a COA is jurisdictional. *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El,* 537 U.S. at 327. This "requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El,* 537 U.S. at 336. "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims. In

fact, the statute forbids it." *Id.*

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The test being two-pronged, a COA may be denied on either basis. *Id.* at 485. After careful review of the record, we conclude reasonable jurists could not disagree Doran-Bey failed to file his petition within the applicable limitation period and equitable tolling is unwarranted.

Doran-Bey admits he was informed of the aggregation of his sentences in 1992, the factual basis supporting his claims. Consequently, the limitation period expired on April 24, 1997 (one year after AEDPA's passage), in which time he was required to file his habeas petition or initiate state post-conviction proceedings. 28 U.S.C. § 2244(d)(2); *Burger*, 317 F.3d at 1138 (one-year limitation period for filing a federal habeas petition is tolled during the pendency of a state application for post-conviction relief properly filed *during the limitation period*). Doran-Bey did not file his state habeas petition until December 14, 2001, over four years after the expiration of the one-year limitation period set forth in 28 U.S.C. § 2244(d)(1)(A). Moreover, he presents no facts supporting an

entitlement to equitable tolling. *See Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000) ("[equitable tolling] is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control"), *cert. denied*, 531 U.S. 1194 (2001).

III.    Conclusion

After careful review of his brief, the district court's order, and the record, we conclude Doran-Bey has failed to raise a debatable issue as to whether his petition was improperly dismissed as time barred.  Accordingly, we **DENY** Doran-Bey's application for a certificate of appealability and **DISMISS** the appeal.

                              **Entered by the Court:**

                              **TERRENCE L. O'BRIEN**
                              United States Circuit Judge