**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 16 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

NATHANIEL W. ELLIBEE,

Petitioner-Appellant,

v.

RAYMOND ROBERTS, Warden, El
Dorado Correctional Facility; PHILL
KLINE, Attorney General, State of
Kansas,

Respondents-Appellees.

No. 04-3269

District of Kansas

(D.C. No. 03-CV-3405-SAC)

**ORDER AND JUDGMENT** *

Before **EBEL** , **MURPHY** , and **McCONNELL** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination
of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is
therefore submitted without oral argument.

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

On October 27, 2004, this Court granted Nathaniel W. Ellibee, a state prisoner proceeding pro se, a certificate of appealability on the issue of whether the district court correctly dismissed his habeas corpus petition under 28 U.S.C. § 2254 as time barred. We have reviewed the briefs filed by both parties as well as the record as supplemented,[1] and **AFFIRM** the district court.

Mr. Ellibee pleaded guilty and was convicted of second degree murder in Kansas in 1992. Upon enactment of AEDPA on April 24, 1996, prisoners seeking review of pre-AEDPA convictions were granted a grace period of one year—until April 24, 1997—to seek habeas relief. *Miller v. Marr*, 141 F.3d 976, 977 (10th Cir. 1998). The one-year period is tolled during any period the prisoner seeks post-conviction relief or other collateral relief in the state courts. 28 U.S.C. § 2244(d)(2). Mr. Ellibee filed a motion in December 1996 to withdraw his guilty plea. That motion tolled the one-year period for filing under AEDPA. On May 5, 1997, the state court denied that motion, and he did not perfect an appeal.[2] In September 2001, he sought post-conviction relief from the state court, which was denied on May 3, 2003. The Kansas Court of Appeals affirmed that denial May

---

[1]We grant Appellees' motion to supplement the record, and sua sponte supplement the record to include the materials filed as an appendix to Appellant's Reply Brief.

[2]Mr. Ellibee contends that because his 1996 motion to withdraw his guilty plea was procedurally part of his original criminal case, and not an independent action for post-conviction relief, his subsequent filing of an action for post-conviction relief was not a successive petition and thus was eligible for tolling.

16, 2003. He filed a motion to reconsider on June 5, 2003, which the state court denied on September 23, 2003. He filed this habeas action in federal court on October 16, 2003.

The question is whether events in the case between May 5, 1997, and October 16, 2003, entitled Mr. Ellibee to equitable tolling. In an order of July 29, 1997, the district court of Geary County, Kansas, granted Mr. Ellibee's appellate counsel's motion to withdraw on the grounds of conflict of interest, stating: "WHEREFORE, the Appellate Defender is relieved of further responsibility in the above-captioned case and the court will appoint other counsel to represent Mr. Ellibee." Both parties agree that the court failed to follow through on its promise to appoint counsel.

Although pointing out that "there is no case law to support appellant's position" that the state court's failure to appoint counsel after having stated it would do so is grounds for equitable tolling, Appellees state that "respondents might be inclined to agree had appellant diligently pursued his efforts to obtain appointed counsel." Aple. Br. at 8–9. Appellees also point out that Mr. Ellibee could have proceeded pro se. *Id.* at 9.

Assuming, without deciding, that the state court's failure to appoint counsel after having stated it would do so would be grounds for equitable tolling, we agree with Appellees that Mr. Ellibee did not diligently pursue his appeal, as is

required for equitable tolling. *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). To be sure, as Mr. Ellibee establishes through attachments to his brief, he did quite a lot. He wrote to the court on September 4, 1997, to inquire about the appointment of counsel; on January 10, 1998, he sought appellate counsel from the Paul E. Wilson Defender Project; on February 1, 1998, he wrote the state trial judge by certified mail; on February 3, 1998, he contacted the Appellate Defender; on February 16, 1998, he contacted and retained attorney Carl E. Cornwell, who apparently did nothing to advance his case; in September of 2000 and December of 2001 he retained two other lawyers, whom he claims also failed to represent him properly. He claims he paid these attorneys a total of approximately $15,000, plus more for transcripts, filing fees, and other legal costs.[3] We therefore reject Appellees' claim that Mr. Ellibee "took no other action for over three years." Aple. Br. at 9.

There is, however, a fatal two and a half year gap between Mr. Ellibee's last documented communication with attorney Cornwell and his communication with the next attorney. He notes that he enrolled in and received a diploma in paralegal studies during that time, but that has no direct relation to pursuing his appeal (especially since he did not attempt to represent himself pro se). Thus,

---

[3]This Court reaches no independent judgment regarding the performance of Mr. Ellibee's retained counsel, but simply recites his position.

even giving Mr. Ellibee the benefit of the doubt with respect to every other part of his story, the combination of the eight months that elapsed in 1996 and the more than two years that elapsed after February 1998 far exceeds the statute of limitations and cannot be blamed on the state trial court, the negligence of counsel, or anyone else.

We therefore **AFFIRM** the judgment of the United States District Court for the District of Kansas dismissing the petition as time barred.

Entered for the Court,

Michael W. McConnell
Circuit Judge