**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 22 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BOBBY D. RILEY,

     Petitioner-Appellant,

v.

DAVID McKUNE; ATTORNEY
GENERAL OF KANSAS,

     Respondents-Appellees.

No. 04-3163
(District of Kansas)
(D.C. No. 03-CV-3484-SAC)

**ORDER**

Before **EBEL**, **MURPHY**, and **McCONNELL**, Circuit Judges.

Proceeding *pro se*, state prisoner Bobby D. Riley seeks a certificate of appealability ("COA") so he can appeal the district court's denial of the habeas corpus petition he filed pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(1)(A) (providing that no appeal may be taken from a final order disposing of a § 2254 petition unless the petitioner first obtains a COA). On March 16, 2000, Riley entered guilty pleas to two counts of attempted voluntary manslaughter. Riley did not attempt to withdraw his guilty pleas and he was sentenced on March 29, 2000. More than one year later, Riley filed a Motion to

Correct Illegal Sentence in Kansas state court.[1]  His motion was denied and that denial was affirmed by the Kansas Court of Appeals on March 21, 2003.  The Kansas Supreme Court denied Riley's petition for review on June 25, 2003.

Riley filed the instant § 2254 petition on December 1, 2003.  In the petition, Riley asserted a claim that his due process rights were violated by the imposition of consecutive sentences and a claim that the use of his juvenile adjudications to calculate his criminal history score violated the holding of *Apprendi v. New Jersey*, 530 U.S. 466 (2000).  Respondent filed a motion requesting the district court to dismiss Riley's § 2254 petition as untimely.  *See* 28 U.S.C. § 2244(d)(1)(A), (d)(2).   Riley argued that he was entitled to equitable tolling of the one-year limitations period.  The district court considered Riley's arguments but granted Respondent's motion, concluding that equitable tolling was not warranted because Riley had not demonstrated that his failure to file a timely petition was caused by extraordinary circumstances beyond his control.  *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000).

In his application for a COA and accompanying brief, Riley does not argue that his § 2254 petition was filed within the one-year limitations period.  Instead, he re-asserts the argument that he is entitled to equitable tolling and challenges

---

[1]Riley's motion was construed by the Kansas Court of Appeals as a habeas corpus motion under Kan. Stat. Ann. § 60-1507.

the basis on which the district court denied his request for equitable tolling. We review for abuse of discretion a district court's decision whether or not to equitably toll the one-year limitations period. *Burger v. Scott*, 317 F.3d 1133, 1141 (10th Cir. 2003).

Riley is not entitled to equitable tolling unless he can demonstrate that he diligently pursued the claims raised in his § 2254 petition. *See Marsh*, 223 F.3d at 1220. The record before this court establishes that Riley failed to act in a diligent fashion to preserve his right to file a federal habeas petition. Riley initiated state proceedings more than one year after he was sentenced and, by his own admission, he then waited one hundred and fifty-eight days after the Kansas Supreme Court denied his petition for review to file his § 2254 petition. Thus, it is clear that the district court did not abuse its discretion when it refused to equitably toll the one-year limitations period.

To be entitled to a COA, Riley must show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 474, 484-85 (2000) (holding that when a district court dismisses a habeas petition on procedural grounds, a petitioner is entitled to a COA only if he shows both that reasonable jurists would find it debatable whether he had stated a valid constitutional claim and debatable whether the district court's procedural ruling was correct). Our review of the record demonstrates

that the district court's dismissal of Riley's § 2254 petition as untimely is not deserving of further proceedings or subject to a different resolution on appeal. Accordingly, this court **denies** Riley's request for a COA and **dismisses** this appeal.

Entered for the court
PATRICK FISHER, Clerk of Court

By
Deputy Clerk