**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 21, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DAN HENRY TIJERINA, SR.,

        Petitioner-Appellant,

v.

UTAH STATE BOARD OF
PARDONS; PAUL SHEFFIELD;
GERALD COOK, Warden,

        Respondents-Appellees.

No. 05-4311

District of Utah

(D.C. No. 2:05-CV-307-DS)

---

**ORDER**[*]

---

Before **MURPHY**, **SEYMOUR**, and **McCONNELL**, Circuit Judges.

---

    Dan H. Tijerina, a state prisoner proceeding *pro se*, seeks a certificate of

appealability (COA) that would allow him to appeal the district court's order

denying his habeas corpus petition under 28 U.S.C. § 2254. *See* 28 U.S.C. §

2253(c)(1)(A). Because we conclude that Mr. Tijerina has failed to make "a

substantial showing of the denial of a constitutional right," we **DENY** his request

for a COA and dismiss the appeal. 28 U.S.C. § 2253(c)(2).

---

[*]This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.

## I. Background

In 1987, Mr. Tijerina pleaded guilty to a first degree felony and was sentenced to the Utah State Prison for an indeterminate term of five years to life. At his original parole date hearing in 1988, the Board of Pardons set his parole hearing date in 2013, twenty-five years later. Although he filed a petition for extraordinary writ in state court in 1998, he did not file a federal habeas petition until 2001. In his 2001 habeas petition, Mr. Tijerina alleged that the Utah State Board of Pardons breached his plea agreement and violated his constitutional right to due process by delaying his first parole hearing until 2013. The district court dismissed his 1998 habeas petition as untimely, finding that under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") his time to file a habeas petition expired on April 23, 1997. A panel of this Court affirmed the dismissal. *Tijerina v. Utah State Bd. of Pardons*, 30 Fed. Appx. 930 (10th Cir. 2002) (unpublished opinion).

Mr. Tijerina applied to the Utah Board of Pardons ("the Board") for a redetermination of his next parole hearing date in June 2003. On June 24, 2003, the Board denied his request and restated that Mr. Tijerina's first parole hearing was scheduled for 2013. In January 2004, Mr. Tijerina filed a request for an extraordinary writ in state court, claiming that the Board breached his plea agreement by scheduling his parole hearing twenty-five years after his

incarceration and that the Board violated Utah's separation of powers by modifying his initial sentence. *Tijerina v. Utah State Bd. of Pardons*, No. 20040171-CA, 2004 WL 1368203, at *1 (Utah Ct. App. May 20, 2004) (unpublished opinion). The state trial court dismissed his petition for failure to state a claim and the Court of Appeals of Utah affirmed. *Id.* at *2. The Utah Supreme Court denied Mr. Tijerina's petition for a writ of certiorari on September 29, 2004. *Tijerina v. BOP*, 100 P.3d 220 (Utah 2004) (table).

On April 6, 2005, Mr. Tijerina filed a motion to proceed *in forma pauperis* in the district court, which was denied. On May 2, 2005, he paid the five dollar filing fee, but due to a mistake in the district court clerk's office, the fee was not deemed paid until July 29, 2005. Mr. Tijerina filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 on October 11, 2005. In his petition, Mr. Tijerina claimed that the decision to convert his five years to life sentence into a twenty-five years to life sentence violated due process and separation of powers, and constituted a breach of his plea agreement. The district court dismissed his petition as untimely and as an impermissible second or successive petition. It also denied Mr. Tijerina's request for a COA. Mr. Tijerina now requests a COA from this Court to allow him to appeal the district court's decision.

## II. Discussion

-3-

As a threshold matter, we consider whether Mr. Tijerina's petition was properly filed and considered as a habeas action under § 2254. State prisoners may bring a habeas action under either 28 U.S.C. § 2241 or 28 U.S.C. § 2254. *Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000). Challenges to the validity of a conviction or a sentence are properly brought under § 2254, while attacks on the execution of a sentence, such as the duration of a sentence, are properly construed as § 2241 actions. *Id.* Because Mr. Tijerina challenges the Board of Pardon's decision to modify the duration of his confinement from a minimum of five years to a minimum of twenty-five years, we will construe his petition as one brought under § 2241.

The denial of a motion for relief under 28 U.S.C. § 2254 or § 2241 may be appealed only if the district court or this court first issues a COA. 28 U.S.C. § 2253(c)(1)(A); *Montez*, 208 F.3d at 869. A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing when the district court denied the petition on procedural grounds, the applicant must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Under 28 U.S.C. § 2244(d), there is a one-year limitation period to a state prisoner's right to file an application for a writ of habeas corpus. This period applies to both challenges to the execution of a state sentence under § 2241 and challenges to the validity of a state conviction and sentence under § 2254. *Burger v. Scott*, 317 F.3d 1133, 1138 (10th Cir. 2003); *Fisher v. Gibson*, 262 F.3d 1135, 1142 (10th Cir. 2001). The limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). In calculating the one year time period, however, we exclude the time during which a properly filed application for state collateral relief is pending. 28 U.S.C. § 2244(d)(2).

We agree with the district court that Mr. Tijerina's habeas petition was untimely. On June 24, 2003, the Board denied Mr. Tijerina's motion for redetermination of his parole hearing date. *Tijerina*, 2004 WL 1368203, at *1. Mr. Tijerina waited at least six months, until January 2004, before filing a

-5-

petition for relief in state court. *Tijerina*, 2004 WL 1368203, at *1. The Utah Supreme Court denied his request for a writ of certiorari on September 29, 2004. *Tijerina v. BOP*, 100 P.3d 220 (Utah 2004) (table). Having waited six months before filing his state court habeas petition, Mr. Tijerina had only six months after the Utah Supreme Court decision—until March 29, 2005—to file his habeas petition in the district court. Mr. Tijerina's federal habeas petition, filed on October 11, 2005, was therefore filed outside the statutory limitations period prescribed in § 2244(d).[1]

Although the one-year limitation period set forth in § 2244 is subject to equitable tolling, "this equitable remedy is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Mr. Tijerina has not identified, nor can we find in the record, any extraordinary circumstances that would justify an equitable tolling of the one-year limitations period. Therefore, we see no reason to excuse Mr. Tijerina from the statutory limitations period, and Mr. Tijerina's petition is time barred under 28 U.S.C. § 2244(d).

---

[1]We need not consider whether Mr. Tijerina's motion to proceed *in forma pauperis* constituted filing a federal habeas petition because that motion, filed on April 6, 2005, was also filed outside the one year limitation period.

Accordingly, we **DENY** Dan Tijerina's request for a COA and **DISMISS** this appeal.

Entered for the Court,

Michael W. McConnell
Circuit Judge