**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 9, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JIMMY HARKER,

      Petitioner-Appellant,

v.

CLINT FRIEL, Warden,

      Respondent-Appellee.

No. 06-4053

(D.C. No. 2:05-CV-834-TC)
(D. Utah)

---

**ORDER**[*]

---

Before **HENRY, BRISCOE,** and **O'BRIEN**, Circuit Judges.

Jimmy Harker, a Utah prisoner appearing pro se, seeks a certificate of appealability (COA) in order to challenge the district court's dismissal of his 28 U.S.C. § 2254 habeas petition on statute of limitations grounds. Because Harker has failed to make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we deny his request and dismiss the matter.

I.

On October 31, 1996, Harker pled guilty in Utah state court to one count of murder and one count of attempted aggravated murder and was sentenced to a lengthy term of imprisonment. Harker did not file a direct appeal. On November 4, 1997, Harker filed an

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

application for state post-conviction relief challenging both his guilty plea and his sentence. The state district court ultimately denied his application on February 13, 2004, and Harker did not appeal from that denial.

Nearly twenty months later, on October 4, 2005, Harker filed a petition for federal habeas relief pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his convictions and sentence. The magistrate judge assigned to the case, after reviewing Harker's petition, issued an order directing Harker to show cause why his petition should not be dismissed as untimely. Harker responded by filing a one-page pleading asserting that (a) his cause of action was "meritorious," (b) he was "unversed in the law," and (c) he "verily believe[d] that the court should decide th[e] case based on the record and the merits of the case." The district court subsequently dismissed Harker's petition as untimely. In doing so, the district court concluded that Harker's alleged ignorance of the law did not entitle him to equitable tolling of the applicable one-year statute of limitations.

## II.

As noted, Harker has now filed an application for COA with this court. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid

claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Pursuant to 28 U.S.C. 2244(d)(1), "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." The one-year limitation period runs "from the latest of" the following dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. The running of the limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2).

We agree with the district court's application of these provisions to Harker's case, including its conclusion that Harker's federal habeas petition was untimely filed. As noted by the district court, Harker's state convictions became final, and in turn the one-

year limitations period for filing a federal habeas petition began to run, on November 30, 1996, the date on which his time for filing a direct appeal expired. On November 4, 1997, after 339 days had expired, Harker filed an application for state post-conviction relief, which tolled the running of the statute of limitations until March 14, 2004, the date on which Harker's time for appealing the denial of such relief expired. Twenty-six days later, on April 9, 2004, the one-year limitations period for filing a federal habeas petition ended. Harker did not file his federal habeas petition until October 4, 2005, nearly twenty months later, and well beyond the one-year statute of limitations.

We also agree with the district court that Harker failed to establish any basis for equitable tolling. Although Harker asserted below that he was "unversed in the law," we have consistently held that ignorance of the law does not excuse an incarcerated pro se petition from promptly seeking federal habeas relief, and thus does not justify equitable tolling of the one-year limitations period. See Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000).

The request for a COA is DENIED, the motion to proceed IFP is DENIED, and the matter is DISMISSED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge
