**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 7, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOHNNIE MURRAY,

        Petitioner - Appellant,

v.

LOUIS E. BRUCE, and the
ATTORNEY GENERAL OF THE
STATE OF KANSAS,

        Respondents - Appellees.

No. 06-3196

(D. Kansas)

(D.C. No. 05-CV-3392-SAC)

**ORDER**

Before **HENRY**, **BRISCOE**, and **O'BRIEN**, Circuit Judges.

Johnnie Murray, a Kansas state prisoner proceeding pro se, seeks a

certificate of appealability ("COA") to appeal the district court's order denying

his 28 U.S.C. § 2254 petition for habeas corpus as untimely filed. In that § 2254

petition, Mr. Murray alleged that his trial counsel was ineffective and suppressed

evidence would show his actual innocence. For substantially the same reasons set

forth by the district court in its well-reasoned order, we deny Mr. Murray's

application for a COA and dismiss this matter.

# I. BACKGROUND

In 1998, Mr. Murray was convicted in the District Court of Sedgwick County, Kansas, of reckless second-degree murder and reckless aggravated battery. The Kansas Court of Appeals affirmed the conviction on May 12, 2000, and the Kansas Supreme Court denied his petition for review on July 14, 2000. Because Mr. Murray did not seek review by the United States Supreme Court, his conviction became final for habeas corpus purposes ninety days later on October 12, 2000.

Mr. Murray sought post-conviction relief in Kansas on April 14, 2003. This relief was denied, and the Kansas Court of Appeals affirmed that decision on March 4, 2005. The Kansas Supreme Court denied review on June 9, 2005.

On October 6, 2005, Mr. Murray filed this § 2254 petition in federal court. The district court denied the petition as time-barred under the one-year limitation period established by 28 U.S.C. § 2244(d). The district court also denied Mr. Murray's Rule 59 motion to amend the judgment, finding no exceptional circumstances that might warrant equitable tolling. The district court denied Mr. Murray a COA and this request followed.

# II. DISCUSSION

A COA can issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner

satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). When a district court has dismissed a habeas petition on procedural grounds, a certificate will only issue when "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In his COA application before us, Mr. Murray concedes his petition was untimely. He argues, however, that we should equitably toll his petition because he is actually innocent. Equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). This actual innocence claim, however, is nothing more than an unsubstantiated allegation that the state withheld exculpatory evidence and presented perjured testimony. As such, we reject it. *See Schlup v. Delo*, 513 U.S. 298, 324 (1995) ("To be credible, a petitioner must support his allegations of actual innocence with "new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial.").

Based on our review of the record on appeal, the district court's order, and Mr. Murray's submissions to this court, we are not persuaded jurists of reason would disagree with the district court's disposition of Mr. Murray's § 2254 petition. In sum, reasonable jurists would agree with the district court that Mr. Murray's case does not present "rare and exceptional circumstances" warranting equitable tolling under 28 U.S.C. § 2244(d). *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). Accordingly, we DENY Mr. Murray's request for a COA and DISMISS the matter.

Entered for the Court,


Robert H. Henry
Circuit Judge