**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 31 2000**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENET CIRCUIT

ROGER A. MARSH,

      Petitioner - Appellant,

vs.

RICK SOARES; ATTORNEY
GENERAL FOR THE STATE OF
COLORADO,

      Respondents - Appellees.

No. 00-1141

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
(D.C. No. 00-Z-54)

Submitted on the briefs:[*]

Roger A. Marsh, pro se.

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.

**KELLY**, Circuit Judge.

---

   [*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1 (G). The cause therefore is ordered submitted without oral argument.

Petitioner-Appellant Roger Marsh, an inmate appearing pro se, seeks to appeal from the dismissal of his habeas petition, 28 U.S.C. § 2254. The district court dismissed the petition as time barred and denied a certificate of appealability. We grant a certificate of appealability and affirm.

In 1986, Mr. Marsh was convicted in Colorado state court of first degree assault, kidnaping, aggravated robbery, and aggravated motor vehicle theft. He was sentenced to a term of 88 years imprisonment, and his conviction was upheld on direct appeal. Mr. Marsh's first state court post-conviction motion, pending from 1992 until 1995, was unsuccessful. On July 18, 1996, Mr. Marsh filed his original habeas petition in federal district court. This petition was dismissed without prejudice on May 13, 1997, for failure to exhaust state remedies. Mr. Marsh properly filed a second state post-conviction motion on January 30, 1998, which was pending in the state courts until November 23, 1999, when the Colorado Supreme Court denied certiorari. The instant habeas petition was not filed until December 29, 1999.[1]

Mr. Marsh's conviction became final before the effective date of AEDPA and, therefore, the one year period for filing his federal habeas petition began to

---

[1]Although the petition was not actually file stamped until January 11, 2000, it was signed on December 29, 1999. Liberal application of the mailbox rule, see Houston v. Lack, 487 U.S. 266, 270 (1988), causes us to treat the petition as placed in the hands of prison authorities on the same day it was signed.

run on April 24, 1996. See 28 U.S.C. § 2244(d)(1); see also Hoggro v. Boone, 150 F.3d 1223, 1225 (10th Cir. 1998). Eighty-four days had elapsed before his first federal habeas was filed on July 18, 1996. The district court held that the statute should be tolled during the time the federal habeas petition was pending. See 28 U.S.C. § 2244(d)(2) (requiring tolling during the pendency of applications for "State post-conviction or other collateral review" (emphasis added)).

The question of whether the tolling provisions of § 2244(d)(2) apply to federal habeas petitions is a matter of first impression in this circuit. We note that the two circuits to have previously addressed this issue came to opposite conclusions. See Walker v. Artuz, 208 F.3d 357 (2d Cir. 2000) (holding that the "other collateral review" provision of § 2244(d)(2) encompasses federal review); see also Barrett v. Yearwood, 63 F. Supp. 2d 1245 (E.D. Cal. 1999) (same); but see Jones v. Morton, 195 F.3d 153, 158-159 (3d Cir. 1999) (§ 2244(d)(2) refers exclusively to state applications); Sperling v. White, 30 F. Supp. 2d 1246 (C.D. Cal. 1998) (same). Because resolution of the issue is not critical to our disposition of this case, we assume without deciding that the one year time limitation was properly tolled while Mr. Marsh's federal petition was pending from July 18, 1996 through May 13, 1997.

Mr. Marsh did not return to state court to exhaust until the filing of his second post-conviction application on January 30, 1998, after 261 more days had

elapsed. When the Colorado Supreme Court denied certiorari on November 23, 1999, he was left with only 20 days to file his federal habeas petition, i.e. until December 13, 1999. Therefore, Mr. Marsh's second habeas petition filed on December 29, 1999 was time-barred by AEDPA's one year statute of limitations.

In an attempt to avoid the limitations period, Mr. Marsh offers two arguments: (1) his second federal habeas petition should "relate back" to the July 18, 1996 filing date of his first petition; and (2) the delay caused by prison law clerks, the closing of the prison law library, and his own ignorance of the law are sufficient factors to equitably toll the limitations period, see Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). We address each argument in turn.

Mr. Marsh points to the Supreme Court's decision in Stewart v. Villareal, 523 U.S. 637 (1998) to support his relation back argument. However, Stewart did not address the timeliness argument under § 2244(d), but dealt with the successive habeas provisions of § 2244(b). In Stewart, Mr. Villareal filed several federal habeas petitions before AEDPA came into effect and the district court dismissed all three for failure to exhaust state remedies. In 1997, he attempted to file another habeas petition, but the district court claimed that it lacked jurisdiction to hear the petition because it was successive under § 2244(b). The Ninth Circuit held that the petition was not successive and the Supreme Court affirmed. In doing so, the Court held that a habeas petition filed after a prior petition had been

dismissed without prejudice for failure to exhaust state court remedies was not a successive petition under § 2244(b). See Stewart, 523 U.S. at 645; see also McWilliams v. Colorado, 121 F.3d 573, 575 (10th Cir. 1997) (same). Neither Stewart nor McWilliams are instructive in analyzing § 2244(d). See Nyland v. Moore, 216 F.3d 1264, 1266 (11th Cir. 2000) (noting that Stewart did not address "whether a previous petition dismissed without prejudice remained pending for the purpose of having a later filed petition relate back to it."); Romo v. Oklahoma Dep't of Corrections, 216 F.3d 1202, 1203 (10th Cir. 2000) (noting that "[t]he issue of timeliness was not before the McWilliams court.").

Fed. R. Civ. P. 15(c) permits the relation back of an "amendment of a pleading." However, Mr. Marsh's second habeas petition was more than an amendment; it was a separate filing, some three years after the first petition. "[A] separately filed claim, as opposed to an amendment or a supplementary pleading, does not relate back to a previously filed claim." Benge v. United States, 17 F.3d 1286, 1288 (10th Cir. 1994) (citation omitted). Moreover, "a § 2254 petition cannot relate back to a previously filed petition that has been dismissed without prejudice because there is nothing for the current petition to relate back to." Nyland, 216 F.3d at 1266. As the Fifth Circuit convincingly noted in Graham v. Johnson, 168 F.3d 762 (5th Cir. 1999):

> "[I]f § 2244(d) were interpreted as Petitioner argues, the
> result would be impractical. A habeas petitioner could

- 5 -

file a non-exhausted application in federal court within the limitations period and suffer a dismissal without prejudice. He could then wait decades to exhaust his state court remedies and could also wait decades after exhausting his state remedies before returning to federal court to 'continue' his federal remedy, without running afoul of the statute of limitations." Construing an application filed after a previous application is dismissed without prejudice as a continuation of the first application for all purposes would eviscerate the AEDPA limitations period and thwart one of AEDPA's principal purposes.

Id. at 780 (citation omitted). We therefore join with all the circuit courts which have addressed this issue, and hold that a habeas petition filed after a previous petition has been dismissed without prejudice for failure to exhaust state remedies does not relate back to the earlier petition. See Warren v. Garvin, No. 99-2616, 2000 WL 955421 (2d Cir. July 11, 2000); Nyland; Jones, 195 F.3d at 160-61; Graham, 168 F.3d at 775-80; Henry v. Lungren, 164 F.3d 1240, 1241 (9th Cir. 1999).

We now turn to Mr. Marsh's claim for equitable tolling of the statute of limitations. In Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998), we recognized that § 2244(d) is not jurisdictional, but subject to equitable tolling. However, this equitable remedy is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control. See id.; see also Steed v. Head, No. 99-13903,

2000 WL 1028509, at *2 (11th Cir. July 26, 2000); <u>Harris v. Hutchinson</u>, 209 F.3d 325, 330 (4th Cir. 2000); <u>Smith v. McGinnis</u>, 208 F.3d 13, 17 (2d Cir. 2000); <u>Calderon v. United States Dist. Court for the Cent. Dist. of Cal. (Kelly)</u>, 163 F.3d 530, 535 (9th Cir. 1998) (en banc); <u>Davis v. Johnson</u>, 158 F.3d 806, 811 (5th Cir. 1998); <u>Miller v. New Jersey State Dep't of Corrections</u>, 145 F.3d 616, 618 (3d Cir. 1998). With the exception of the eight month delay following the dismissal of his first habeas petition, Mr. Marsh pursued his claims diligently. However, he has failed to show any extraordinary circumstance for his failure to comply with AEDPA's one year statute of limitations.

Mr. Marsh gives three reasons why equitable tolling should apply in this case. First, "his ignorance of the law completely robs him of any opportunity to fend for himself or otherwise gain equal access to the courts" and his failure to timely file should therefore be viewed as "excusable neglect." Aplt. Br. at 16(a). However, it is well established that "ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." <u>Fisher v. Johnson</u>, 174 F.3d 710, 714 (5th Cir. 1999); <u>see also</u> <u>Smith</u>, 208 F.3d at 18 (petitioner's pro se status does not warrant equitable tolling); <u>Miller</u>, 141 F.3d at 978 (equitable tolling not justified by fact that petitioner simply did not know about AEDPA time limitation). Mr. Marsh has not raised any convincing reason why we should depart from this well established rule.

Second, Mr. Marsh alleges that his January 30, 1998 state post-conviction application was prepared by a prison inmate law clerk, who took approximately 170 days to prepare the application. Mr. Marsh contends that he should not be held responsible for delays caused by his reliance on the prison legal access program, and the time limitation should be tolled for the 170 days when the application was out of his hands. We disagree. As the district court convincingly noted: "Mr. Marsh chose to rely upon assistance from the prison legal access attorney and an inmate law clerk despite the fact that he was raising in the state courts only the unexhausted claims he already had raised in federal court." R. doc. 11, at 5-6. The fact that an inmate law clerk was assisting in drafting the state petition does not relieve Mr. Marsh from the personal responsibility of complying with the law. See Henderson v. Johnson, 1 F. Supp. 2d 650, 655 (N.D. Tex. 1998) (noting that although inmate had received assistance from fellow inmate, he could have filed the petition himself at any time); see also Steed, 2000 WL 1028509, at *2 (holding that attorney miscalculation of AEDPA time period did not justify equitable tolling).

Finally, Mr. Marsh asserts that between the date he exhausted his claims in state court (November 23, 1999) and the date he filed the instant habeas petition (December 29, 1999), the prison law library was closed for 15 days for holidays and vacations. However, even assuming that such a short closing of a prison law

library could be considered "extraordinary," Mr. Marsh has not shown how this lack of access caused his delay in filing. See Miller, 141 F.3d at 978. The claims he was asserting were the same as those already presented in his first habeas petition and then submitted to the state for purposes of exhaustion. Therefore, Mr. Marsh has failed to show that equitable tolling should apply.

We GRANT a certificate of appealability, GRANT leave to proceed in forma pauperis, and AFFIRM the decision of the district court dismissing the petition as time barred.