F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**MAR 21 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

JACK S. RUDE,

     Petitioner-Appellant,

v.

STATE OF WYOMING; WYOMING
DEPARTMENT OF CORRECTIONS STATE
PENITENTIARY WARDEN, a/k/a Vance
Everett, in his official capacity; WYOMING
ATTORNEY GENERAL,

    Respondents-Appellees.

No. 00-8084
(D. Wyo.)
(D.Ct. No. 00-CV-111-J)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **SEYMOUR, McKAY**, and **BRORBY**, Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.  _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

_____

[*] This order and judgment is not binding precedent except under the doctrines of
law of the case, _res judicata_ and collateral estoppel.  The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

Jack S. Rude, a state prisoner appearing *pro se*, appeals the district court's decision dismissing, as untimely, his petition filed pursuant to 28 U.S.C. § 2254. We deny Mr. Rude's request for a certificate of appealability, and dismiss his appeal.

Following Mr. Rude's guilty plea to first degree murder of his daughter-in-law and conspiracy with his son to commit first degree murder, a state district court sentenced Mr. Rude to two life sentences to run concurrently. *See Rude v. State*, 851 P.2d 15, 19-20 (Wyo. 1993). On April 26, 1993, the Wyoming Supreme Court affirmed the first degree murder conviction and reversed and remanded the conspiracy conviction.[1] *See id.* at 19-20.

On August 21, 1998, Mr. Rude filed his first pleading seeking state post-conviction review, which the state district court denied on August 28, 1998. On

---

[1] The record contains no information on the status of Mr. Rude's reversed and remanded conspiracy conviction. From a review of the record, it is unclear whether Mr. Rude's state and federal post-conviction proceedings challenge only his murder conviction. However, we will consider the timeliness of Mr. Rude's federal petition with respect to only his murder conviction because Mr. Rude has failed to submit into the record relevant information on his reversed and remanded conspiracy conviction for either the district court's or our review. *See United States v. Svacina*, 137 F.3d 1179, 1187 n.9 (10th Cir. 1998) (holding we will not review a contention if the record is insufficient to permit a proper assessment of the issue).

September 8, 1998, Mr. Rude filed an appeal to the Wyoming Supreme Court. Shortly thereafter, and prior to a decision by the Wyoming Supreme Court, Mr. Rude filed his first federal habeas corpus petition pursuant to § 2254. On August 17, 1999, the federal district court granted Mr. Rude's motion to withdraw his federal petition pending exhaustion of his state remedies and dismissed his petition without prejudice. On May 25, 1999, the Wyoming Supreme Court dismissed Mr. Rude's post-conviction appeal. Thereafter, Mr. Rude filed a state petition for writ of habeas corpus, which the state district court dismissed on November 29, 1999. On May 2, 2000, the Wyoming Supreme Court denied Mr. Rude's petition for a writ of habeas corpus. Finally, on June 1, 2000, Mr. Rude filed the § 2254 petition at issue in the instant appeal.

Pursuant to 28 U.S.C. § 2244(d)(1), the federal district court determined the limitation period for filing Mr. Rude's § 2254 petition expired on April 23, 1997. Because none of Mr. Rude's state and federal post-conviction proceedings were filed within the limitation period, the district court determined they did not toll the limitation period under § 2244(d)(2). In addition, the district court determined no equitable tolling occurred because, as early as 1992, Mr. Rude had full knowledge of the factual predicate for his claims, including an assertion his counsel had a conflict of interest concerning an adverse witness. For these

reasons, the district court denied Mr. Rude's petition.

On appeal, Mr. Rude renews his argument that equitable tolling is required because his counsel, his co-defendant's counsel, the prosecution and the judge "concealed" the fact that one of Mr. Rude's trial attorneys had an impermissible conflict of interest because he also represented an adverse witness. Even though that attorney withdrew from Mr. Rude's criminal case, Mr. Rude contends he did not learn of this concealment until "years later." For the first time on appeal, Mr. Rude also contends he did not discover his attorney lied to him about the conditions of his son's plea bargain until "later."

"In reviewing the denial of a habeas corpus petition, we review the district court's factual findings under a clearly erroneous standard, and its legal conclusions de novo." *Rogers v. Gibson*, 173 F.3d 1278, 1282 (10th Cir. 1999), *cert. denied*, 528 U.S. 1120 (2000). We recognize the one-year statute of limitations may be equitably tolled, but only "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir.), *cert. denied*, ___ S. Ct. ___, 2001 WL 17827 (U.S. Feb. 26, 2001) (No. 00-7631).

Applying our standard of review and the principles applied for equitable tolling, we agree with the district court's holding that Mr. Rude's petition is untimely and that no equitable tolling applies. As the district court determined, as early as 1992, Mr. Rude had full knowledge of the factual predicate for the conflict of interest claim, when Mr. Rude claimed he "heard" that a member of his defense team had previously advised an adverse witness, and immediately asked his other attorney, "Isn't there something wrong with that?" Under the circumstances presented, it is clear Mr. Rude has not shown he diligently pursued his conflict of interest claim after obtaining knowledge of the factual predicate underlying that claim in 1992.

As to Mr. Rude's claim his attorney lied to him regarding the conditions of his son's plea bargain, we generally will not consider an issue not raised before the district court. *See Moore v. Gibson*, 195 F.3d 1152, 1180-81 (10th Cir. 1999), *cert. denied,* 120 S. Ct. 2206 (2000). However, even if we considered his claim, Mr. Rude fails to establish when he made the alleged discovery, stating merely that it did not occur until "later." As a consequence, the record is insufficient to permit a proper assessment of the timeliness of Mr. Rude's petition with respect to this issue. *See Svacina*, 137 F.3d at 1187 n.9.

In order for this court to grant a certificate of appealability, Mr. Rude must make a substantial showing of the denial of a constitutional right as required under 28 U.S.C. § 2253(c)(2). When the district court denies a habeas petition on procedural grounds, as it did here, without reaching the underlying constitutional claim, "a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, the district court's procedural ruling is clearly not debatable.

Accordingly, for the reasons stated herein, and for substantially the same reasons in the district court's October 31, 2000 Order Dismissing Petition For Writ of Habeas Corpus, we deny Mr. Rude's request for a certificate of appealability and **DISMISS** his appeal.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge