F I L E D
United States Court of Appeals
Tenth Circuit

MAY 17 2002

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CHRISTOPHER JACKSON,

      Petitioner - Appellant,

v.

JAMES L. SAFFLE,

      Respondent - Appellee.

No. 01-6204
(D.C. No. 00-CIV-1608)
(W. District of Oklahoma)

---

**ORDER AND JUDGMENT**[*]

---

Before **EBEL**, **KELLY**, and **LUCERO**, Circuit Judges.

---

Pro se petitioner Christopher Jackson, an Oklahoma state prisoner, seeks a certificate of appealability ("COA") pursuant to 28 U.S.C. § 2253(c) to challenge the district court's dismissal of his petition for a writ of habeas corpus as time-barred. We deny Jackson's application for a COA and dismiss this matter.

In the petition, which was mailed to the district court on September 4, 2000, Jackson does not attack the drug and firearms convictions for which he is

---

[*] The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The Court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

imprisoned. [1] Rather, Jackson contends, "The Oklahoma Truth in Sentencing Act [("Act")], enacted in 1997, violates the Ex Post Facto Clause by eliminating early release and pre-parole programs for which [he] was eligible and that would have reduced his effective term of confinement." (R. Doc. 1 at 6.)

The applicable limitation period is set forth in 28 U.S.C. § 2244(d)(1), which states, "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." In this case, the limitation period ran from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." § 2244(d)(1)(D). [2]

Resolution of this case turns on whether the factual predicate of Jackson's claim could have been discovered through the exercise of due diligence prior to September 4, 1999. Jackson claims that he did not become aware of the effects of the Act until October 1998, when he discovered that his parole consideration date had been delayed until March 1999. Jackson was denied parole on March 25, 1999. Based on these allegations, the district court correctly concluded that the petition was time-barred because the factual predicate for the ex post facto claim

---

[1] The Oklahoma Court of Criminal Appeals affirmed these convictions on July 2, 1995.

[2] Jackson does not allege facts to suggest that the limitation period should be tolled for the time during which a properly filed application for State post-conviction or other collateral review was pending. See 28 U.S.C. § 2244(d)(2).

- 2 -

was discovered before September 4, 1999—more than one year before the habeas application was filed.

Jackson further contends that he was not aware of his right to pursue his ex post facto claim until he obtained copies of various court opinions after March 2000. Although equitable tolling of the limitation period is appropriate in exceptional circumstances, we have held that ignorance of the law does not excuse untimely filing. Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000), cert. denied, 531 U.S. 1194 (2001).

We **GRANT** Jackson's motion to proceed in forma pauperis, **DENY** the application for a COA, and **DISMISS** this matter.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge