F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**DEC 13 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

COI LANE PEARCE,

       Petitioner-Appellant,

v.

MERV GUSTON, Duchesne County
Sheriff,

       Respondent-Appellee.

No. 04-4089
(District of Utah)
(D.C. No. 03-CV-794-TC)

**ORDER**

Before **EBEL**, **MURPHY**, and **McCONNELL,** Circuit Judges.

Proceeding *pro se*, state prisoner Coi Lane Pearce seeks a certificate of appealability ("COA") so he can appeal the district court's denial of the habeas petition he filed pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(1)(A) (providing that no appeal may be taken from a final order disposing of a § 2254 petition unless the petitioner first obtains a COA). On October 12, 2000, Pearce entered guilty pleas to three counts of Attempted Aggravated Sexual Abuse of a Child. Pearce did not attempt to withdraw his guilty pleas or otherwise directly appeal his convictions. He did, however, file a state post-conviction petition on

August 22, 2001. The petition was denied. Pearce's motion for rehearing was likewise denied on March 3, 2003.

Pearce filed the instant § 2254 petition on August 25, 2003. In the petition, Pearce asserted multiple ineffective assistance of counsel claims, a claim that his guilty pleas were not made knowingly and voluntarily, and a claim that the statute which criminalized his behavior was unconstitutional. Pearce's petition was referred to a magistrate judge who ordered Pearce to show cause as to why the petition should not be dismissed as untimely. Pearce responded to the order to show cause but the district court dismissed Pearce's § 2254 petition as untimely, concluding that it was filed outside the one-year limitations period and that Pearce had not argued an entitlement to equitable tolling.

In his appellate brief and application for a COA, Pearce does not argue that his § 2254 petition was filed within the one-year limitations period. 28 U.S.C. § 2244(d)(1)(A). Instead, his arguments focus on the merits of the claims raised in the petition. To the extent Pearce's brief could be construed to also contain an argument that he is entitled to equitable tolling because his attorney failed to inform him of the limitations period, we reject his argument. Ignorance of the law does not excuse the failure to file a § 2254 petition in a timely manner. *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000); *see also Pennsylvania v.*

*Finley*, 481 U.S. 551, 555 (1987) (holding there is no constitutional right to counsel in collateral attack on conviction).

To be entitled to a COA, Pearce must show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 474, 484-85 (2000) (holding that when a district court dismisses a habeas petition on procedural grounds, a petitioner is entitled to a COA only if he shows both that reasonable jurists would find it debatable whether he had stated a valid constitutional claim and debatable whether the district court's procedural ruling was correct). Our review of the record demonstrates that the district court's dismissal of Pearce's § 2254 petition as untimely is not deserving of further proceedings or subject to a different resolution on appeal. Accordingly, we **deny** Pearce's request for a COA and **dismiss** this appeal.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge