**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 9, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

MERRILL ANDREWS,

Petitioner-Appellant,

v.

STATE OF KANSAS; PHIL KLINE,
Attorney General of Kansas,

Respondents-Appellees.

No. 06-3108

(D.C. No. 05-CV-3480-SAC)

(D. Kan.)

ORDER

Before **KELLY, McKAY,** and **LUCERO**, Circuit Judges.

In 1978, Appellant was convicted in Kansas state court of felony murder. At trial, the state argued that Appellant, along with two unknown persons, killed a woman in the course of robbing her home. Appellant was paroled in 1999 but is now incarcerated in a federal penitentiary for robbing a credit union in 2002. The Kansas Department of Corrections issued a parole violation warrant for Appellant following the credit union robbery. Appellant has consistently maintained his innocence in the 1978 case, and, in this 28 U.S.C. § 2254 petition, he challenges the state conviction.

To overcome the one-year statute of limitations on § 2254 petitions, Appellant argues that he recently discovered evidence supporting his claim of

actual innocence. The habeas statutory scheme allows for late-filed petitions if the petition is filed one year from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The burden to demonstrate due diligence that would toll the statute of limitations is on the Appellant. *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000), *cert. denied*, 531 U.S. 1194 (2001) ("[Equitable tolling] is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control.").

In 2002, Appellant discovered that an individual claimed to have heard another person admit to committing the murder for which Appellant was convicted. Appellant also discovered that the person who allegedly confessed had a brother who owned a car similar to the car seen outside the 1978 victim's home during the robbery. In February 2003, Appellant filed for relief from the 1978 conviction in Kansas state court based on the new evidence, which was denied.

In dismissing Appellant's § 2254 petition, the district court found that Appellant failed to demonstrate any extraordinary circumstances that prevented him from making a timely filing. Order, 3 (D. Kan. Mar. 10, 2006). In addition, the district court noted that, when making a claim of actual innocence, Appellant "must show that 'it is more likely than not that no reasonable juror would have found [Appellant] guilty beyond a reasonable doubt.'" *Id.* at 4 (quoting *Schlup v.*

*Delo*, 513 U.S. 298, 327 (1995)). The district court went on to note that even if Appellant established the truth of the alleged confession and the ownership of the similar car, these facts are not inconsistent with the government's theory of the case that Appellant and two others committed the crime. *Id.* (citing *Andrews v. State*, No. 92,024, 2005 WL 823913, at *2 (Kan. Ct. App. Apr. 8, 2005)). The district court did not grant Appellant a certificate of appealability ("COA").

To obtain a COA, Appellant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To do so, Appellant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted).

We have carefully reviewed Appellant's brief, the district court's disposition, and the record on appeal. Nothing in the facts, the record on appeal, or Appellant's filing raises an issue which meets our standard for the grant of a COA. For substantially the same reasons set forth by the district court in its March 10, 2006, order, we cannot say "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in

a different manner." *Id.* We, therefore, **DENY** Petitioner's request for a COA

and **DISMISS** the appeal.

Entered for the Court


Monroe G. McKay
Circuit Judge