**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**September 28, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DONALD EUGENE MITCHELL, JR.,

 Petitioner-Appellant,

v.

MARTY SIRMONS, Warden;

 Respondent-Appellee.

No. 06-5102

(D.C. No. 05-CV-298-JHP-FHM)
(N. D. Oklahoma)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **HENRY, BRISCOE,** and **O'BRIEN**, Circuit Judges.

 Donald Eugene Mitchell, Jr., an Oklahoma prisoner appearing pro se, seeks a certificate of appealability (COA) in order to challenge the district court's denial of his 28 U.S.C. § 2254 habeas petition. Because Mitchell has failed to make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we deny his request and dismiss the matter.

I.

 In early 2002, Mitchell was convicted by a jury in the District Court of Tulsa County, Oklahoma, of first degree murder and two counts of shooting with intent to kill.

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

Mitchell was sentenced to life imprisonment with the possibility of parole for the murder conviction, and fifteen years' imprisonment for each of the other two convictions. Mitchell filed a direct appeal and, on June 2, 2003, the Oklahoma Court of Criminal Appeals (OCCA) affirmed his convictions. Mitchell did not file a petition for writ of certiorari with the United States Supreme Court, nor did he thereafter seek post-conviction relief in the Oklahoma courts.

On May 31, 2005, Mitchell filed a federal habeas petition alleging seven claims for relief. Respondent moved to dismiss Mitchell's petition on statute of limitations grounds. On March 23, 2006, the district court granted respondent's motion and dismissed Mitchell's petition. Although Mitchell filed a motion to alter or amend judgment, the district court denied that motion. The district court also denied Mitchell's request for a COA.

II.

The denial of a state prisoner's petition for federal habeas relief pursuant to 28 U.S.C. § 2254 may be appealed only if the district court or this court first issues a COA. 28 U.S.C. § 2253(c)(1)(A). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because the district court denied Mitchell's petition on procedural grounds, we may issue a COA if he demonstrates both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in

its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000).

We conclude Mitchell has failed to demonstrate his right to a COA. As the district court correctly noted in its order of dismissal, "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). Mitchell's convictions were affirmed by the OCCA on direct appeal on June 2, 2003, and his convictions thereafter became final for federal habeas purposes on September 2, 2003.[1] Thus, Mitchell had one-year, or until September 2, 2004, in which to file a federal habeas petition challenging his state convictions. As indicated, however, Mitchell did not file his petition until May 31, 2005, approximately nine months after the one-year limitations period had expired. Although Mitchell contends he is entitled to equitable tolling of the one-year limitations period because his appellate counsel allegedly never informed him of the OCCA's decision, his own pleadings indicate that he became aware of the OCCA's decision, through his mother, in June of 2004. Thus, he is not entitled to equitable tolling. See Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) (noting that equitable tolling may be applied "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control.").

---

[1] Under Supreme Court Rule 13.1, Mitchell had ninety days following the OCCA's decision in which to file a petition for a writ of certiorari with the United States Supreme Court.

The request for a COA is DENIED and the matter is DISMISSED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge