**UNITED STATES COURT OF APPEALS**

**August 4, 2008**

**TENTH CIRCUIT**

GERRY KELLY,

      Petitioner - Appellant,

    v.

GEORGE DUNBAR; JOHN SUTHERS,
The Attorney General of the State of
Colorado,

      Respondents - Appellees.

No. 08-1147
(D. Ct. No. 1:07-CV-02252-ZLW)
(D. Colo.)

---

### ORDER DENYING CERTIFICATE OF APPEALABILITY

---

Before **TACHA**, **KELLY**, and **MCCONNELL**, Circuit Judges.

---

      Petitioner-Appellant Gerry Kelly, a state prisoner proceeding pro se, seeks a

certificate of appealability ("COA") to appeal from the district court's denial of his

habeas corpus petition brought under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(1)(A).

We take jurisdiction under 28 U.S.C. § 1291, deny Mr. Kelly's request for a COA, and

dismiss this appeal.

      On May 11, 1998, Mr. Kelly was convicted in Colorado state court and sentenced

to two consecutive sentences of forty-eight years and twenty-four years. Mr. Kelly did

not file a direct appeal respecting his conviction or sentence. Mr. Kelly failed to

challenge his conviction and sentence by filing a petition for post-conviction relief in the

state district court until, at the earliest, November 28, 2005.  The district court denied his petition and the Colorado Court of Appeals affirmed.  On January 29, 2008, Mr. Kelly filed a § 2254 habeas petition in federal court attacking his state-court conviction.  The district court dismissed Mr. Kelly's petition as time-barred and denied him a COA.  He now seeks a COA from this Court.

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). This requires Mr. Kelly to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation omitted). When the district court's ruling is based on procedural grounds, the petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Id.*

There is a one-year statute of limitations for § 2254 petitions, beginning on the date the judgment becomes final.  28 U.S.C. § 2244(d)(1)(A).  Mr. Kelly's conviction became final on June 25, 1998,[1] giving him until June 25, 1999 to file his petition. Because Mr. Kelly did not file his petition until January 2008, over eight years after the limitations period had run, his petition is time-barred. Moreover, Mr. Kelly's petition

---

[1]Because Mr. Kelly did not file a direct appeal, his conviction became final forty-five days after entry of the judgment and sentence.  *See* Colo. R. App. P. 4(b), 26(a).

cannot be statutorily tolled for time spent in state post-conviction proceedings, *see* 28 U.S.C. § 2244(d)(2), because Mr. Kelly filed his state petition for post-conviction relief more than six years after the one-year limitations period expired. A collateral petition filed in state court after the limitations period has expired does not toll the one-year period. *See Fisher v. Gibson*, 262 F.3d 1135, 1142–43 (10th Cir. 2001).

A petitioner may be entitled to equitable tolling of the limitations period but only when he "diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). To the extent Mr. Kelly argues that he is entitled to equitable tolling because his counsel was ineffective in failing to file a direct appeal, we disagree. Even if we assume that Mr. Kelly's counsel was ineffective, it does not excuse the six years Mr. Kelly waited to challenge his conviction in state court and the eight-year delay in seeking federal relief. *See id.* ("[I]gnorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." (quotation omitted)). Accordingly, this case does not present one of those "extraordinary circumstances" in which equitable tolling should excuse an otherwise untimely federal habeas petition.

We have carefully reviewed Mr. Kelly's brief, the district court's disposition, and the record on appeal. For substantially the same reasons set forth by the district court in its March 28, 2008 order, we cannot say "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner." *Slack*, 529 U.S. at 484. We therefore DENY Mr. Kelly's request for a COA and

DISMISS the appeal.  We GRANT Mr. Kelly's motion to proceed in forma pauperis.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge