**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 20, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

LARRY JARAMILLO,

　　　　　Petitioner-Appellant,

v.

WARDEN KEVIN MILYARD and
THE ATTORNEY GENERAL OF
THE STATE OF COLORADO,

　　　　　Respondents-Appellees.

No. 09-1075

District of Colorado

(D.C. No. 1:08-CV-02166-ZLW)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **LUCERO**, **MURPHY** and **McCONNELL**, Circuit Judges.

---

Larry Jaramillo, a state prisoner proceeding pro se, seeks a certificate of

appealability (COA) that would allow him to appeal from the district court's order

denying his habeas corpus petition under 28 U.S.C. § 2254.  *See* 28 U.S.C. §

2253(c)(1)(A).  Because we conclude that Mr. Jaramillo has failed to make "a

substantial showing of the denial of a constitutional right," we deny his request

for a COA, and dismiss the appeal.  28 U.S.C. § 2253(c)(2).

In March 2004, Mr. Jaramillo pled guilty to one count of sexual

exploitation of a child.  The court later sentenced him to twenty years in prison,

---

[*]This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.

citing his "significant" criminal history. R. 34. His habeas petition before us contends, *inter alia*, that his sentence violated his Sixth and Fourteenth Amendment rights, that his sentence was illegal, and that his plea was not voluntarily, knowingly, or intelligently made. Aplt. Br. 6, 11, 15.

Federal law imposes a one-year limitation on the right of state prisoners to file habeas actions under 28 U.S.C. § 2244. *See* § 2244(d)(1). The district court ruled that Mr. Jaramillo's petition was untimely under 28 U.S.C. § 2244(d)(1) and noted that Mr. Jaramillo did not dispute that "there was more than one year after his conviction became final and before this action was filed during which no state court postconviction motion was pending." Dist. Ct. Ord. 4. The court also concluded that Mr. Jaramillo was not eligible for equitable tolling.

On appeal, Mr. Jaramillo does not dispute the substance of the district court's timeliness ruling, but instead argues that the statute of limitations for asserting a claim for collateral review is unconstitutional. The precise grounds for this contention are not clear, but Mr. Jaramillo asserts that "[i]t is impossible for us to believe that the framers of the Constitution would have ever allowed for a constitution [sic] violation to go unchallenged because of a time limitation." Aplt. Br. 4.

The denial of a motion for relief under 28 U.S.C. § 2254 may be appealed only if the district court or this Court first issues a COA. 28 U.S.C. § 2253(c)(1)(A). A COA will issue "only if the applicant has made a substantial

showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make such a showing, a petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

Mr. Jaramillo's argument does not satisfy this standard. He cites no historical evidence, and we are aware of none, that the framers of the Constitution believed there could be no time limitations for raising constitutional claims or defenses. Moreover, he cites no precedent, and we are aware of none, in support of his position.

Federal law requires that a prisoner seeking collateral federal review of a state court conviction diligently pursue any claims he brings. *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). This requirement serves the values both of finality and of comity. The fact that Mr. Jaramillo believes that his sentence is unconstitutional does not remove this requirement. *See Smith v. Workman*, No. 05-CV-721-HDC-SAJ, 2006 WL 2251699, at *3 (N.D. Okla. Aug. 4, 2006) (rejecting the claim that there is "no time limitation" for alleging a Constitutional violation as "erroneous"). Mr. Jaramillo does not claim he is innocent, only that his sentence is, for various reasons, unjust. And Mr. Jaramillo does not bring to

bear any facts which show that his failure to timely file his claim was due to anything more than excusable neglect.

No reasonable jurist, therefore, could disagree with the district court's conclusion that Mr. Jaramillo "fails to allege any facts that might justify equitable tolling of the one-year limitation period." Dist. Ct. Ord. 5.

## CONCLUSION

Accordingly, we **DENY** Mr. Jaramillo's request for a COA and **DISMISS** this appeal. Petitioner's motion to proceed *in forma pauperis* is also **DENIED**.

Entered for the Court,

Michael W. McConnell
Circuit Judge