FILED
United States Court of Appeals
Tenth Circuit

February 1, 2011

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENCH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

LILIAN GALVAN,

Defendant-Appellant.

No. 10-1480
(D. of Colo.)
(D.C. Nos. 1:10-CV-01260-LTB and
1:04-CR-00403-LTB-13)

ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **O'BRIEN**, **McKAY**, and **TYMKOVICH**, Circuit Judges.[**]

Lilian Galvan, a federal prisoner, seeks a certificate of appealability (COA) to enable her to appeal the district court's finding her 28 U.S.C. § 2255 petition for a writ of habeas corpus was time-barred. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), and we construe Galvan's filings liberally because she is proceeding pro se. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Cir. 1991). Nonetheless, no reasonable jurist could conclude the district court's dismissal was incorrect. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Accordingly, we DENY the application for a COA and DISMISS the appeal.

## I. Background

A jury found Galvan guilty of several counts relating to the possession and distribution of over five kilograms of cocaine. On January 4, 2007, Galvan was sentenced to 121 months' incarceration. Her conviction and sentence was affirmed on direct appeal, and her petition for certiorari review to the U.S. Supreme Court was denied on April 27, 2009. *See United States v. Zapata*, 546 F.3d 1179 (10th Cir. 2008), *cert. denied*, 129 S. Ct. 2069 (2009) (mem.).

On May 25, 2010, Galvan dated and signed her § 2255 motion, alleging ineffective assistance of counsel and violations of the Speedy Trial Act, 18 U.S.C. §§ 3161–3174 (1974). The district court dismissed her motion as time-barred. Contending her § 2255 motion was timely because it was filed less than a year after the Supreme Court denied her request for additional time to file a certiorari petition, Galvan filed a motion for reconsideration, which the district court also denied.

Galvan then filed a second motion for either reconsideration or a COA, contending her § 2255 motion was timely because she did not discover, until late 2009, that trial counsel had a duty to consult with her about her right to file a

motion to dismiss the indictment before agreeing to enter into a plea agreement. The district court denied this second motion on October 18, 2010. This appeal follows.

## II. Analysis

The Antiterrorism and Effective Death Penalty Act conditions a petitioner's right to appeal a denial of habeas relief under § 2255 upon a grant of a COA. 28 U.S.C. § 2253(c)(1)(B). A COA requires the applicant to demonstrate a "substantial showing of the denial of a constitutional right." § 2253(c)(2). When the district court denies a habeas petition on procedural grounds, a COA should issue only when the prisoner shows that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Galvan does not satisfy this standard.

Section 2255(f) establishes a one-year statute of limitations for the filing of a habeas petition by a federal prisoner. Relevant here are subsections (1), which commences the limitations period on "the date on which the judgment of conviction becomes final," and (4), which commences the limitations period on "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." §§ 2255(f)(1), (4).

Galvan's conviction became final on April 27, 2009, when the Supreme Court denied her petition for certiorari. Thus, her § 2255 petition was untimely because, at the earliest, it was filed on May 25, 2010—nearly thirteen months later. Although Galvan contends she only became aware of trial counsel's deficient performance in late 2009, she fails to demonstrate it could not have been discovered through the exercise of due diligence.[1] As the district court correctly noted, "ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Interpreting § 2255(f)(4) to allow a prisoner to restart the clock simply by claiming a new discovery of ineffective counsel would render the one-year statute of limitations meaningless.

Therefore, no reasonable jurist could conclude the district court was incorrect in dismissing the petition as untimely.

## III. Conclusion

For the foregoing reasons, we DENY Galvan's request for a COA and DISMISS the appeal. We GRANT her motion to proceed *in forma pauperis*.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge

---

[1] Of course, a discovery of ineffective counsel in late 2009 would still have given Galvan at least six months to file a timely § 2255 petition.