**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 20, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

FANE ROBERT SELLERS,

     Petitioner - Appellant,

  v.

WYOMING ATTORNEY GENERAL;
ROBERT O. LAMPERT, Director,
Wyoming Department of Corrections,

     Respondents - Appellees.

No. 17-8005
(D. Wyo.)
(D.C. No. 2:16-CV-00210-NDF)

**ORDER DENYING CERTIFICATE**
**OF APPEALABILITY**

Before **KELLY**, **MURPHY,** and **MATHESON**, Circuit Judges.

This matter is before the court on Fane R. Sellers's pro se requests for a

certificate of appealability ("COA")[1] and to proceed on appeal in forma pauperis.

Sellers seeks a COA so he can appeal the district court's dismissal, on timeliness

grounds, of his 28 U.S.C. § 2254 petition. *See* 28 U.S.C. § 2253(c)(1)(A)

(providing no appeal may be taken from "a final order in a habeas corpus

proceeding in which the detention complained of arises out of process issued by a

---

[1]None of Sellers's appellate filings are specifically designated as a request
for a COA. Nevertheless, this court treats his appellate filings as containing an
implicit request for a COA. *See* 10th Cir. R. 22.1(A).

State court" unless the petitioner first obtains a COA); *id.* § 2244(d)(1)(A) (setting out a one-year statute of limitations on § 2254 petitions running from the date on which the conviction became final). We **grant** Sellers's request to proceed on appeal in forma pauperis. Nevertheless, because he has not "made a substantial showing of the denial of a constitutional right," *id.* § 2253(c)(2), this court **denies** Sellers's request for a COA and **dismisses** this appeal.

In late 2008, Sellers pleaded guilty in Wyoming state court to three counts of second degree sexual abuse of a minor. The state court entered judgment on October 10, 2008, sentencing Sellers to three consecutive five-to-ten-year terms of imprisonment. Almost a year later, on September 23, 2009, Sellers filed a motion for a sentence reduction pursuant to Rule 35 of the Wyoming Rules of Criminal Procedure. The state court granted Sellers's motion on October 27, 2009, thereby reducing the term of imprisonment for Count III to probation as long as Sellers completes his consecutive sentences for Counts I and II. Then, on June 3, 2016, Sellers sought habeas relief in the Wyoming Supreme Court. That court denied Sellers's petition on June 28, 2016.

Sellers filed the instant § 2254 habeas petition in federal district court on July 25, 2016. The district court concluded Sellers's petition was untimely and that, even accounting for statutory tolling pursuant to 28 U.S.C. § 2244(d)(2), the limitations period expired on December 15, 2009. In addition, the district court concluded Sellers was not entitled to equitable tolling because his alleged excuse

for not filing a timely petition, ignorance of the law, did not excuse the delay. *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000).

The granting of a COA is a jurisdictional prerequisite to Sellers's appeal from the dismissal of his § 2254 petition. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To be entitled to a COA, Sellers must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (quotations omitted). When a district court dismisses a § 2254 motion on procedural grounds, a petitioner is entitled to a COA only if he shows both that reasonable jurists would find it debatable whether he had stated a valid constitutional claim and debatable whether the district court's procedural ruling was correct. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). In evaluating whether Sellers has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Miller-El*, 537 U.S. at 338. Although Sellers need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.* As a further overlay on this standard, we review for abuse of discretion the district court's decision that

Sellers is not entitled to have the limitations period in § 2244(d) equitably tolled. *See Burger v. Scott*, 317 F.3d 1133, 1141 (10th Cir. 2003).

Having undertaken a review of Sellers's appellate filings, the district court's order, and the entire record before this court pursuant to the framework set out by the Supreme Court in *Miller-El* and *Slack*, we conclude Sellers is not entitled to a COA. The district court's resolution of Sellers's § 2254 motion is not reasonably subject to debate and the issues he seeks to raise on appeal are not adequate to deserve further proceedings. In particular, the district court did not abuse its discretion in determining Sellers failed to demonstrate the type of extraordinary circumstances that would justify equitably tolling the limitations period set out in § 2244(d). Accordingly, this court **DENIES** Sellers's request for a COA and **DISMISSES** this appeal.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge

-4-