**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 21, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

TERRY GENE CAREY,

        Petitioner-Appellant,

v.

JUSTIN JONES, Warden,

        Respondent-Appellee.

No. 07-5032

(N.D. Oklahoma)

(D.C. No. 06-CV-37-P)

**ORDER**

Before **HENRY**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

Terry Carey, proceeding pro se, seeks a certificate of appealability ("COA") to appeal the district court's order denying his 28 U.S.C. § 2254 petition for habeas corpus as untimely filed. *See* 28 U.S.C. § 2253(c)(1)(A) (providing that an appeal may not be taken from the denial of a § 2254 habeas petition unless the petitioner first obtains a COA). Mr. Carey also seeks leave to proceed in forma pauperis ("IFP").

In his § 2254 petition, Mr. Carey contends the prosecutor made false statements and that he presented perjured testimony in violation of his due process rights. He also argues that his counsel provided ineffective assistance when he failed to object to these statements and testimony.

## I. BACKGROUND

A jury in the District Court of Delaware County, Oklahoma convicted Mr. Carey of burglary after former conviction of two or more felonies. Mr. Carey received a sentence of fifty years' imprisonment, with fifteen years suspended. The Oklahoma Court of Criminal Appeals ("OCCA") affirmed his conviction on direct appeal on February 2, 1996. Mr. Carey did not seek a writ of certiorari from the United States Supreme Court.

On April 9, 2003, Mr. Carey filed his first application for post-conviction relief. According to Mr. Carey, the trial court judge vacated the suspended portion of his sentence. Mr. Carey states he filed a second application for post-conviction relief on August 18, 2004. The state district court judge denied the requested relief on September 6, 2005, and the OCCA denied his appeal of this order on November 22, 2005.

Mr. Carey filed his federal petition under § 2254 on December 22, 2005, in the Western District of Oklahoma. The court transferred the petition to the Northern District of Oklahoma, where it was filed on January 19, 2005.

## II. DISCUSSION

In order to obtain a COA, Mr. Carey must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to do so, Mr. Carey "must show that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues

presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (alteration and internal quotation marks omitted). "[A] claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that [the] petitioner will not prevail." *Id.* at 338. When a district court has dismissed a habeas petition on procedural grounds, a certificate will only issue when "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Under 28 U.S.C. § 2244(d)(1), "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." In his COA application before us, Mr. Carey devotes little attention to addressing the untimeliness of his petition. Before the district court, however, he argued that he was entitled to equitable tolling. He asserted that from March 3, 1996 until August 30, 2006, he diligently sought to obtain trial transcripts from the Delaware County Clerk's office. The district court concluded that Mr. Carey was not entitled to statutory or equitable tolling.

Here, for substantially the same reasons as those set forth in the district court's order, we conclude that Mr. Carey is not entitled to a COA. First, Mr. Carey is not entitled to statutory tolling. He filed his first post-conviction application on April 9, 2004, almost six years after § 2244(d)(1)'s one-year

limitations period expired. He filed his second application on August 18, 2005, more than eight years after the expiration of the limitations period. Consequently, Mr. Carey's federal habeas petition, which he filed on December 22, 2005, was untimely filed.

As to equitable tolling, it "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Reasonable jurists would agree that the district court was correct when it concluded that an "inmate's lack of state court records does not justify equitable tolling." Rec. doc. 17 at 4, and n.1 (*see id.* at n.1 (collecting cases). Thus, Mr. Carey has not shown that he diligently pursued his claims and his case does not present "rare and exceptional circumstances" warranting equitable tolling under 28 U.S.C. § 2244(d). *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (internal quotation marks omitted). Accordingly, we DENY Mr. Carey's request for a COA, DENY his motion to proceed IFP, and DISMISS the matter.

Entered for the Court,

ELISABETH A. SHUMAKER, Clerk


By:
  Deputy Clerk

-4-