**UNITED STATES COURT OF APPEALS**

**May 1, 2008**

**TENTH CIRCUIT**

STEVEN JACOBSEN,

        Petitioner - Appellant,

v.

JUSTIN JONES, Director,

        Respondent - Appellee.

No. 07-6282
(D.C. No. 5:07-CV-01004-R)
(W.D. Okla.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **ANDERSON**, and **McCONNELL**, Circuit Judges.

Petitioner-Appellant Steven Jacobsen, a state inmate appearing pro se, seeks a certificate of appealability (COA) allowing him to appeal from the district court's denial of his habeas petition pursuant to 28 U.S.C. § 2254. Because Mr. Jacobsen has failed to demonstrate that it is reasonably debatable whether the district court's procedural ruling dismissing his petition as untimely is correct, see Slack v. McDaniel, 529 U.S. 473, 483–84 (2000), we deny a COA and dismiss the appeal.

The district court adopted the magistrate judge's determination that Mr. Jacobsen's application was not filed within the applicable one-year statute of limitations, see 28 U.S.C. § 2244(d)(1)(A), and that he was not entitled to

equitable tolling.  On appeal, Mr. Jacobsen argues (1) ineffective assistance of counsel; (2) newly discovered evidence; (3) the district court lacked jurisdiction; and (4) his plea was not knowing and voluntary.  Before we address the merits of his appeal, we must consider whether Mr. Jacobsen timely filed his petition.  In that regard, Mr. Jacobsen argues that the district court that considered his first habeas petition erred when it dismissed that petition without prejudice instead of granting a stay and abeyance.  We disagree.  The Supreme Court has held that a district court has discretion whether to grant a stay and abeyance when a habeas petitioner has failed to exhaust state remedies.  Rhines v. Weber, 544 U.S. 269, 276–79 (2005).  Stay and abeyance is only available in limited circumstances.  Id. at 277.  Regardless, this argument should have been raised on appeal from the dismissal of the first habeas petition.

We now consider whether the present petition was otherwise timely filed.  The limitations period may be equitably tolled if a petitioner "diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control."  Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000).  Mr. Jacobsen does not contest that his conviction became final on January 17, 2002.  He filed the current habeas petition on September 12, 2007.  Certainly some of this period should be statutorily tolled while his state post-conviction application was pending.  See 28 U.S.C. § 2244(d)(2).  However, Mr. Jacobsen is not entitled to equitable tolling because he

failed to diligently pursue his claims over the almost six-year period and points to no extraordinary circumstances beyond his control. The dismissal of his first federal habeas petition without prejudice did not toll the running of the one-year limitation. See Duncan v. Walker, 533 U.S. 167, 181–82 (2001) (holding an application for federal habeas review does not statutorily toll the limitations period under § 2244(d)(2)).

Because a COA is a jurisdictional prerequisite to our review, Miller-El v. Cockrell, 537 U.S. 322, 327 (2003), it will issue "only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2). Mr. Jacobsen has failed to demonstrate that it is reasonably debatable whether the district court's procedural ruling dismissing his petition is correct. See Slack, 529 U.S. at 483–84.

We DENY IFP status, DENY the motion for a COA, and DISMISS the appeal.

<div style="margin-left: 50%;">

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge

</div>