FILED

United States Court of Appeals
Tenth Circuit

**July 22, 2010**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DECARLO TERRELL MITCHELL,

  Petitioner-Appellant,

v.

MIKE MULLIN, Warden,

  Respondent-Appellee.

No. 10-6085

(W.D. of Okla.)

(D.C. No. 5:09-CV-01064-HE)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **HARTZ, ANDERSON**, and **TYMKOVICH**, Circuit Judges.[**]

DeCarlo Terrell Mitchell, a state prisoner appearing pro se, seeks a certificate of appealability (COA) to appeal from the dismissal of his habeas petition brought pursuant to 28 U.S.C. § 2254. The district court dismissed the petition as untimely. Having jurisdiction pursuant to 28 U.S.C. § 1291, we DENY Mitchell's request for a COA and DISMISS this appeal.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

## I. Discussion

A state petitioner may not appeal from the denial of a § 2254 petition without first obtaining a COA. 28 U.S.C. § 2253(c)(1)(A). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). When, as is the case here, the district court denies the petition on procedural grounds, we will issue a COA only if the petitioner demonstrates "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We conclude the district court was correct in its procedural ruling that Mitchell's petition is untimely.

A state prisoner who wishes to file an application for a writ of habeas corpus faces a one-year statute of limitations. 28 U.S.C. § 2244(d). The period begins to run from the latest of four dates, two of which are relevant here: (1) "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," 28 U.S.C. § 2244(d)(1)(A); or (2) "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

The following dates are relevant to timeliness. On August 8, 2002, Mitchell pleaded guilty to and was convicted of first degree rape in Oklahoma state court. The court sentenced him on August 23, 2002 to twenty-five years in prison. Mitchell did not file a motion to withdraw his guilty plea, and his conviction became final on September 2, 2002. Mitchell did not file a direct appeal in state court but did file four applications for post-conviction relief. He filed the first on March 24, 2003, and the Oklahoma County District court denied the application on November 6, 2003. Mitchell appealed the denial, but the Oklahoma Court of Criminal Appeals affirmed on February 17, 2004. Mitchell then filed subsequent applications for post-conviction relief in February 2006, September 2007, and November 2008, all of which were denied.

Regarding § 2244(d)(1)(A), Mitchell's statutory limitation period would have expired on September 2, 2003, one year from the date his conviction became final. But the limitation period may be tolled by a properly filed application for state post-conviction relief. § 2244(d)(2). Thus, the period was tolled from March 24, 2003, when Mitchell filed his first application for relief, to February 17, 2004, when the Court of Appeals affirmed the district court's denial. On that date, the statutory period began running again and expired on July 28, 2004. Mitchell did file other applications for post-conviction relief in 2006 and 2007, but by then the statutory period had already lapsed.

Regarding § 2244(d)(1)(D), Mitchell contends he did not discover the state's lack of evidence until May 7, 2009, and thus the statute of limitations should run from that date because that is the date "on which the factual predicate of his claim could have been discovered through the exercise of due diligence." § 2244(d)(1)(D). In other words, Mitchell argues that he could not have discovered the state's lack of evidence against him until May 7, 2009, and thus the statute of limitations should not have begun running until then. Even if Mitchell's evidence were indeed "exculpatory," as he claims, he offers no explanation as to why it took him seven years to inquire about it. He could have discovered the state of the evidence against him at any time after his conviction with minimal effort, much less the due diligence the statute requires. Thus, pursuant to § 2244(d)(1)(D), Mitchell's petition is untimely.

Mitchell also asserts equitable tolling is appropriate in this case because he is actually innocent. While we limit the use of equitable tolling to "'rare and exceptional' circumstances. . . . [It] is appropriate . . . when a prisoner is actually innocent, when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." *Burger v. Scott*, 317 F.3d 1133, 1141 (10th Cir. 2003) (quoting *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000)). Nevertheless, in order to avail themselves of equitable tolling, inmates must diligently pursue their claims and demonstrate

that "the failure to timely file was caused by extraordinary circumstances beyond" their control. *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000).

Mitchell has failed to make such a demonstration. The time that passed from the date of his conviction to the date of his learning of the state's evidence demonstrates he has not been diligent in pursuing his claims, especially when only minimal effort was necessary. We therefore do not find this case appropriate for equitable tolling.

## II. Conclusion

For the foregoing reasons, we DENY Mitchell's request for a COA and DISMISS his appeal. We also GRANT Mitchell's request to proceed *in forma pauperis*.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Circuit Judge