FILED
United States Court of Appeals
Tenth Circuit

August 15, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CORNELIUS DEVON OLIVER,

Petitioner-Appellant,

v.

SAM CLINE, Warden,

Respondent-Appellee.

No. 14-3098
(D.C. No. 5:13-CV-03192-SAC)
(D. Kan.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **GORSUCH**, **MURPHY**, and **HOLMES**, Circuit Judges.

After a Kansas jury convicted him of murdering four people, Cornelius Oliver was sentenced to life in prison. When his request for state post-conviction relief proved unsuccessful, Mr. Oliver sought federal habeas relief under 28 U.S.C. § 2254. The district court dismissed his petition as untimely and found that none of the grounds for equitable tolling of the limitations period could fairly alter this result. Now before us, Mr. Oliver requests a certificate of appealability ("COA") so that he can challenge the district court's ruling.

_____

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

We may issue a COA only if the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, the district court dismisses a § 2254 petition on procedural grounds, we may issue a COA only when "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Mr. Oliver cannot satisfy that standard in this case. An application for federal habeas relief must typically be made within one year from the date on which the conviction became final. *See* 28 U.S.C. § 2244(d)(1)(A). In this case, the one-year limitations period began to run on June 5, 2006. Before this court Mr. Oliver argues that the clock was tolled from June 1, 2007 — the date he filed his original motion for state post-conviction relief — until October 29, 2013 — the date the Kansas Supreme Court denied review. But even assuming without deciding all this is true, Mr. Oliver's federal application is still untimely as the district court found. Because he waited 361 days to file for state habeas relief, he had only four days after the Kansas Supreme Court's decision came down to submit his federal petition. But while his petition was due on November 2, 2013, Mr. Oliver didn't file until November 6.

Still, Mr. Oliver argues he is entitled to equitable tolling. In places, he seems to blame counsel in his state habeas proceeding for waiting 361 days to file his state petition. But as the district court observed, Mr. Oliver can't blame

counsel for that delay because counsel wasn't appointed to represent him in his state collateral proceeding until after Mr. Oliver filed his petition. In other places, Mr. Oliver seems to blame counsel in his state habeas proceeding for failing to alert him immediately of the Kansas Supreme Court's decision to deny review. He says he knew he had only four days left to file a federal petition and told his attorney to tell him immediately of any ruling from the Kansas Supreme Court — and that the attorney failed to do so. But even accepting this as true, we still find it difficult to fault the district court for failing to grant equitable tolling. Equitable tolling is only available when an inmate has diligently pursued his claims and can demonstrate that his failure to timely file was caused by extraordinary circumstances beyond his control. *See Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008). And, as the district court observed, Mr. Oliver faces difficulties under both parts of this test. After all, he waited almost a year — 361 days — after his conviction became final to pursue any kind of post-conviction relief. It was this lack of diligence on his part alone, not any extraordinary circumstance beyond his control, that left him with a precarious four-day window in which to ensure his federal petition was filed. Indeed, this court has repeatedly rejected requests for equitable tolling by similarly situated petitioners and, given that, it seems hard to debate the district court's decision to do the same. *See, e.g.*, *Marsh v. Soares*, 223 F.3d 1217 (10th Cir. 2000); *Williams v. Lytle*, 185 F.3d 876 (10th Cir. 1999) (unpublished table decision).

The request for COA is denied, and this appeal is dismissed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge