**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 25, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

NICK RAUL MEDINA,

     Petitioner – Appellant,

v.

JAMES FALK, Warden; THE
ATTORNEY GENERAL OF THE STATE
OF COLORADO,

     Respondents – Appellees.

No. 15-1043
(D.C. No. 1:14-CV-02894-LTB)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **GORSUCH**, **McKAY**, and **BACHARACH**, Circuit Judges.
_____

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

Petitioner Nick Medina, a state prisoner proceeding pro se, seeks a certificate

of appealability to appeal the district court's denial of his § 2254 habeas petition as

time-barred. Petitioner pled guilty to one count of contributing to the delinquency of

a minor and one count of sexual assault in Colorado state court and received a

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

sentence of six years on March 31, 2008. The guilty plea also required Petitioner to enter his name on the lifetime sex offender registry as a Sexually Violent Predator (SVP).

Petitioner alleges his public defender did not inform him of the registration requirement and, although he concedes his habeas petition comes well outside the one-year time limitation for such actions, asks this court to apply equitable tolling to his case and allow the appeal to move forward. Among other reasons, he states he struggled to file appeals in a timely manner due to ignorance of the process, and his actions did not qualify to place him on the sex offender registry as a SVP in the first place or warrant the damaging lifetime designation.

The Supreme Court has held that a petitioner is entitled to equitable tolling under the federal habeas corpus statute "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). "[A]n inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." *Yang v. Archuleta*, 525 F.3d 925 (10th Cir. 2008) (internal quotation marks and brackets omitted).

The district court reviewed each of Petitioner's reasons why it should grant his request for equitable tolling and found none of them convincing. The district court ultimately concluded Petitioner had not sufficiently demonstrated he diligently challenged his 2008 conviction and sentence in state court during the six years prior

to filing a state Rule 35(a) postconviction motion in September 2014. The court also noted that "ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (internal quotation marks omitted).

After carefully reviewing the record and Petitioner's filings on appeal, we conclude that reasonable jurists would not debate the district court's dismissal of the habeas petition on timeliness grounds. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For reasons given by the district court, we therefore **DENY** Petitioner's request for a certificate of appealability and **DISMISS** the appeal. We **DENY AS MOOT** Petitioner's motion for appointment of counsel on appeal. We **GRANT** Appellant's motion to proceed *in forma pauperis* on appeal.

Entered for the Court


Monroe G. McKay
Circuit Judge