**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**February 1, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

ANGELO ORTEGA-CADELAN,

Petitioner - Appellant,

v.

DON LANGFORD,

Respondent - Appellee.

No. 21-3193
(D.C. No. 5:20-CV-03178-SAC)
(D. Kan.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**
_____

Before **BACHARACH**, **MURPHY**, and **CARSON**, Circuit Judges.
_____

Angelo Ortega-Cadelan, a Kansas state prisoner proceeding *pro se*, seeks a

certificate of appealability ("COA") so he can appeal the district court's dismissal of the

habeas corpus petition he filed pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C.

§ 2253(c)(1)(A) (providing no appeal may be taken from a final order disposing of a

§ 2254 petition unless the petitioner first obtains a COA). Because reasonable jurists

would not debate the district court's dismissal of his petition as untimely, we **deny** his

request for a COA and **dismiss** this appeal.

In 2007, Ortega-Cadelan pled guilty to rape and was sentenced to life

imprisonment with the possibility of parole after twenty-five years. The Kansas Supreme

Court affirmed his sentence on direct appeal. *State v. Ortega-Cadelan*, 194 P.3d 1195

(Kan. 2008). In 2009, Ortega-Cadelan filed a state postconviction action and a federal

habeas petition.  The federal district court dismissed his habeas petition in February 2010 so that he could exhaust his state remedies, warning him that he would only have three months to file a federal habeas petition after the state courts resolved his state postconviction action, and advising him to file his federal petition as early as practicable within that three-month window.  Ortega-Cadelan voluntarily dismissed his state postconviction action in 2012.  Shortly thereafter, he filed a second state postconviction action, which finished making its unsuccessful way through the state court system in 2015.  In 2017, Ortega-Cadelan filed a state motion to correct illegal sentence, which was likewise unsuccessful.

In July 2020, Ortega-Cadelan filed the instant federal habeas petition.  The district court concluded that Ortega-Cadelan's state postconviction filings had only tolled the statute of limitations until September 2015, and the district court accordingly ordered Ortega-Cadelan to show cause why the petition should not be dismissed as untimely. When Ortega-Cadelan failed to respond to the show-cause order, the district court dismissed the petition.  Ortega-Cadelan subsequently filed a motion for reconsideration in which he asserted, among other things, that he had assumed the federal habeas petition he filed in 2009 would be reinstated when he finished exhausting his state remedies.  The district court considered this motion on the merits, construed it to request equitable tolling of the statute of limitations, and denied equitable tolling based primarily on the principle that "ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing."  *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (quotation omitted).

To be entitled to a COA, Ortega-Cadelan must show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In his application for a COA, Ortega-Cadelan focuses on the underlying merits of his habeas petition and touches only briefly on the district court's procedural ruling. Regarding the procedural ruling, Ortega-Cadelan appears to argue solely that his federal habeas petition should have been treated as timely because (1) the state agreed not to contest his filing of a second postconviction petition in 2012, and (2) he "believes the case was stayed until exhaustion of remedies."

Having undertaken a thorough review of Ortega-Cadelan's appellate filings, the district court's orders, and the record on appeal, we conclude Ortega-Cadelan is not entitled to a COA. As the district court explained in its comprehensive and persuasive orders, the statute of limitations expired long before Ortega-Cadelan filed this federal habeas petition in 2020, even with the benefit of statutory tolling during the pendency of his second state postconviction action, and Ortega-Cadelan's ignorance of the law and mistaken assumptions about his first federal habeas petition do not excuse his untimely filing of this petition.

We accordingly **deny** Ortega-Cadelan's request for a COA and **dismiss** the appeal.

Ortega-Cadelan's motion to proceed *in forma pauperis* is **granted.**

Entered for the Court

Michael R. Murphy
Circuit Judge